UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY COLLISON,

        Plaintiff,                        CIVIL ACTION NO. 11-11102

      v.                                 MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**ORDER GRANTING**
**PLAINTIFF'S MOTION FOR ATTORNEY FEES (DKT. NO. 22)**

**I.   INTRODUCTION**

This is a Social Security action brought under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the Commissioner's decision to deny disability benefits. On February 8, 2012, the parties consented to have this Magistrate Judge conduct all proceedings including all post-trial proceedings. (Dkt. No. 19). On August 22, 2012, this Court: (1) granted Plaintiff's motion for summary judgment; (2) denied Defendant's motion for summary judgment; and (3) remanded the case for further proceedings. (Dkt. No. 20).

This matter is before the Court on Plaintiff's motion requesting an award of $5,170.75 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 22).

For the following reasons, Plaintiff's motion is **GRANTED**, and Judgment is entered in Plaintiff's favor against Defendant in the amount of **$5,170.75**.

**II.    ANALYSIS**

Pursuant to the EAJA, the prevailing party in an action seeking judicial review of the Commissioner's decision to deny disability benefits may apply for an award of fees and costs incurred in bringing the action.  *See* 28 U.S.C. § 2412(d)(1)(A).  Fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  *Id.*

The burden rests with the Commissioner to establish that its position was substantially justified.  *See Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000) (citation omitted).  However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified."  *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. Sept. 22, 1997); *see also Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

The EAJA permits an award of <u>reasonable</u> attorney fees.  *See* 28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of proving the reasonableness of the fees requested.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125.00 per hour unless an increase in the cost of living or a special factor justifies a higher fee.  *See* 28 U.S.C. § 2412(d)(2)(A).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  *See Henley*, 461 U.S. at 433-34.

In this case, the Commissioner does not dispute the issue of substantial justification, and also does not object to Plaintiff's request for attorney fees of $5,170.75[1]. The Commissioner only objects to Plaintiff's request that the attorney fees be paid directly to his attorney.

Plaintiff attached an Affidavit to his motion that purports to "assign any entitlement that [he] may have to a fee under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412, to [his] attorney[] [and] direct[s] that the EAJA award should be made payable to counsel and not to . . . Plaintiff." (Dkt. No. 22; Ex. H). The Commissioner objects to Plaintiff's request to have the fees paid directly to his attorney, which the Commissioner says is contrary to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

In *Ratliff*, the United States Supreme Court held, "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff*, 130 S.Ct. at 2524. In so holding, the Supreme Court recognized that historically, the Commissioner paid EAJA fees directly to a prevailing party's attorney, but noted that starting in 2005, direct payment to the attorney only occurs when "the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id.* at 2528-2529.

The Court is unable to determine whether Plaintiff owes any pre-existing debts to the United States. Accordingly, the Court finds it appropriate to award the attorney fees and costs to Plaintiff. If counsel for the parties can verify that Plaintiff does not owe any pre-existing debts to

---

[1] In its conclusion, the Commissioner asks the Court to deny Plaintiff's motion for attorney fees under the EAJA because "the government's position was substantially justified." However, the substance of the Commissioner's response "does not contest the amount of the fees requested or assert that the Commissioner's litigation position . . . was supported by substantial evidence." Accordingly, the Court assumes the Commissioner's conclusion was a mistake.

the United States that are subject to offset, the Commissioner can direct that the award be made payable to Plaintiff's attorney pursuant to the assignment.[2]

### III. CONCLUSION

For the above-stated reasons, Plaintiff's motion for attorney fees pursuant to the EAJA is **GRANTED**, and Judgment is entered in Plaintiff's favor against Defendant in the amount of **$5,17075**.

**IT IS ORDERED**.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: December 6, 2012

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 6, 2012.*

S/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5540*

---

[2] Plaintiff's counsel indicated that he verified that Plaintiff does not owe any debts to the United States; however, he does not present any evidence to the Court.