UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY M. COLLISON,

        Plaintiff,                CIVIL ACTION NO. 11-cv-11102

        v.                           DISTRICT JUDGE PAUL D. BORMAN

COMMISSIONER OF             MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gregory Collison filed this action seeking judicial review of Defendant's decision denying his application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 20.) Before the Court is Plaintiff's counsel's (Petitioner's) Petition for Attorney Fee Pursuant to § 206(b)(1). (Docket no. 27.) Defendant has not filed a Response. Petitioner also filed a supplement to his Petition. (Docket no. 28.) The Petition has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). (Docket no. 29.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.        RECOMMENDATION

It is recommended that the Petition for Attorney Fee (docket no. 27) be **GRANTED** and that Petitioner be awarded $11,576.75 in attorney fees from Plaintiff's past-due benefits pursuant

to 42 U.S.C. § 406(b).  It is further recommended that Petitioner be ordered to refund the $5,170.75 EAJA fee award to Plaintiff.

## II. REPORT

### A. Procedural History

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 29, 2007, alleging disability beginning February 21, 2006.  (TR 76-85, 92.)  The Social Security Administration (SSA) denied benefits, and Plaintiff filed a request for a *de novo* hearing.  (TR 50, 67.)  On October 15, 2008, Plaintiff appeared with counsel and testified at a hearing held by Administrative Law Judge (ALJ) James M. Mitchell.  (TR 12-41.)  Vocational Expert (VE) David Detmer also appeared and testified at the hearing.  (TR 41-47.)  In a March 2, 2009 decision, the ALJ found that Plaintiff was not entitled to disability benefits because the evidence showed that there were a significant number of jobs existing in the national economy that Plaintiff could perform.  (TR 54-61.)  The Appeals Council declined to review the ALJ's decision (TR 7-9), and Plaintiff filed a complaint for judicial review (docket no. 1).  The parties then filed cross Motions for Summary Judgment.  (Docket nos. 13 and 15.)

On August 22, 2012, the Court entered an Order granting Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment, and remanding this  matter for further proceedings under 42 U.S.C. § 405(g).  (Docket no. 20.)  On December 6, 2012, the Court granted Plaintiff's Application for Attorney Fees and awarded $5,170.75 in attorney fees and expenses to Plaintiff under the Equal Access to Justice Act (EAJA).  (Docket no. 25.)  Plaintiff prevailed on the remand of his claim, and the Commissioner awarded Plaintiff past-due benefits in the amount of $70,307.00.  (Docket no. 27-1.)  Twenty-five percent of Plaintiff's past-due benefits is $17,576.75, of which the SSA withheld $6,000.00 for attorney's fees,

according to the SSA's Notice of Change in Benefits dated April 9, 2014.[1] (*Id*. at 2-3.) Petitioner then filed the instant Petition For Attorney Fee pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), seeking an attorney fee for twenty-five percent of Plaintiff's past-due benefits, $17,576.75.[2] (Docket no. 27.) Petitioner later informed the Court, in a supplement to his Petition, that he had since received $6,000.00 from the SSA for work performed on behalf of Plaintiff at the administrative level and reduced his requested § 406(b) fee by that amount to $11,576.75. (Docket no. 28.) In a letter attached to Petitioner's supplement, Defendant indicates that she does not oppose the Petition as modified. (Docket no. 28-1.)

**B.     Analysis**

Pursuant to 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Sixth Circuit has held that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'y of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

---

[1] While Petitioner asserts that the full twenty-five percent of Plaintiff's past-due benefits, $17,576.75, was withheld for attorney fees, the SSA's Notice of Change in Benefits indicates that it withheld only $6,000.00. The Court need not resolve this discrepancy, however, as the party from whom Petitioner receives or collects his fee is not an issue before the Court.

[2] Petitioner indicates that if the requested § 406(b) fee is awarded, he will refund the EAJA fee to Plaintiff. (Docket no. 27 at 5.)

"[E]ach tribunal may award fees only for the work done before it. . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee–limited to 25 percent of past-due benefits–for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id*.

On February 15, 2011, Plaintiff entered into a contingency fee agreement with Petitioner, Frederick J. Daley, Jr., and other members of the law firm of Daley, DeBofsky & Bryant for representation in this Court. (Docket no. 27-2.) The fee agreement states that Plaintiff's attorney "may keep 25% of [Plaintiff's] past-due benefits if awarded by the court or the EAJA fee, which ever [sic] is the higher of the two." (*Id*. at 1.) The agreement further states that "[i]n the event the Social Security Administration releases to [Plaintiff] any amount of past-due benefits which, pursuant to statute, should have been withheld, [Plaintiff will] pay this amount to [his] attorney . . ." (*Id.*)

The Supreme Court has clearly upheld contingent fees in this situation, holding that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the reasonableness of the fee pursuant to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989). In *Rodriquez*, the Sixth Circuit held that the Court should "begin by using twenty-five percent of the past due benefits as a benchmark. . . . [T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the 'reasonableness' of the award up to that maximum." *Id.* at 746. Next, that court should "look to whether a fee agreement has been executed by the claimant and

4

the claimant's attorney. When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties." *Id.* "The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore." *Id.*

The *Rodriquez* court held that deductions for section 406(b) requests should generally fall into two categories. *See id.* First, "those occasioned by improper conduct or ineffectiveness of counsel" and second, "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*; *see also Royzer v. Sec'y of Health and Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (applying *Rodriquez*). "[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), *as clarified on reh'g* (Jan. 23, 1991) (footnotes omitted). In considering the "standard rate" for Social Security appellate work in this market, courts in this district have relied on the 95th percentile figure for hourly billing rates for public benefits attorneys as reported by the State Bar of Michigan, which was most recently reported at $395.00. *See Sykes v. Comm'r of Soc. Sec.*, No. 12-14874, 2015 WL 7008572, at *5 (E.D. Mich. Nov. 12, 2015) (Lawson, J.) (citing State Bar of Michigan, Economics of Law Practice in Michigan, at 11 (2014), http://www.michbar.org/pmrc/articles/0000152.pdf.) (finding hypothetical rate of $620.54 per hour to be reasonable); *see also Drenning v. Comm'r of Soc. Sec.*, No. 12-13470, 2014 WL 4705113, at *4 (E.D. Mich. Sept. 21, 2014) (Cook, J.) ($691 per hour).

5

The Court finds first, that counsel was not ineffective in this matter; to the contrary, Plaintiff's attorneys secured his award of benefits. Second, the Court finds that a windfall would not occur in this matter if the requested fees were awarded. Plaintiff's attorneys are experienced and established social security attorneys; notably, Petitioner has over forty years of experience in representing Social Security claimants, is the Director-at-Large for the National Association of Disability Representatives (NADR), and has given presentations regarding Social Security law on multiple occasions. (*See* docket no. 27-3.) Moreover, Petitioner asserts that 29.9 attorney hours were spent on this matter at the district-court level. (*See* docket no. 27-4.) The amount of attorney fees requested by Petitioner, $11,576.75, when divided by 29.9 hours of work, would be equivalent to an hourly rate of approximately $387.00, which, under *Hayes*, is reasonable and not a windfall. Furthermore, Plaintiff does not contest the amount of attorney fees requested by Petitioner. Accordingly, it is recommended that attorney fees be awarded in the amount of $11,576.75 under 42 U.S.C. § 406(b).

Plaintiff has already been awarded attorney fees and expenses in the amount of $5,170.75 pursuant to § 2412(d) of the EAJA. (Docket no. 25.) "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796. Petitioner has received the $5,170.75 in EAJA fees awarded to Plaintiff for representing Plaintiff in this matter. (Docket no. 27 at 5; docket no. 28 ¶ 2.) Therefore, it is recommended that Petitioner's total award of attorney fees under § 406(b) and the EAJA be offset by the lesser of the two awards: $5,170.75.

6

### C. Conclusion

It is recommended that the Court **GRANT** the Petition for Attorney Fee (docket no. 27) and award $11,576.75 in attorney fees from Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). It is further recommended that the Court order Petitioner to refund the $5,170.75 EAJA fee award to Plaintiff.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  April 14, 2016            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  April 14, 2016            s/ Lisa C. Bartlett
                                  Case Manager

8